## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                             Case No. 3:25-CV-1072-MMH-LLL

MONICA ALEJANDRA CABEZAS
QUINTANA,

     Defendant.

_____/

### UNITED STATES OF AMERICA'S MOTION FOR DEFAULT JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 55(b)(1) and Local Rule 1.10(c), Plaintiff, the United States of America hereby moves for the Court's entry of judgment on default against the Defendant herein under 8 U.S.C. § 1324d(a). For purposes of Local Rule 3.01(g), we have no means of communicating with the defendant except by letter, as the defendant has not appeared to defend the case to date. We have inquired by certified mail whether the relief sought here will be opposed but have heard no response. We will of course report any response to our communication, if one is received. Consequently, the Court should treat the matter as opposed.

## MEMORANDUM OF LAW

### I.    Introduction

On September 11, 2025, the United States sued the Defendant under 8 U.S.C. § 1324d(a), alleging that she was liable for civil penalties for having overstayed a final order of removal entered against her on April 24, 2024.  (Doc. 1).  The United States served the Defendant with the Complaint and summons on December 9, 2025. (Doc. 7).

Defendant's answer was due on December 30, 2025.  As of that deadline and the date of this filing, she has not answered or otherwise responded in any way to the Complaint.  Consequently, the United States moved for entry of clerk's default (Doc. 12) which was entered by the clerk of court on February 2, 2026. (Doc. 13).

The civil penalties owed by the defaulted Defendant are set forth below and in the Certificate of Indebtedness attached to Exhibit A to this motion. The United States respectfully requests that the Court enter default judgment against Defendant in the amount of $371,440.

### II.    Legal Argument

#### A. Legal Standards

Federal Rule of Civil Procedure 55 provides the Court with the authority to enter a default judgment against a defendant when the defendant was properly served but fails to timely file a responsive pleading.  *Bioclin BV v. Multygn USA, LLC*, 72 F. Supp. 3d 1288, 1291 (M.D. Fla. 2014); *see* Fed. R. Civ. P. 55(b).  By defaulting, a defendant admits the well-pleaded allegations of fact and liability in the plaintiff's

complaint.  *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (*citing Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1988)).

The Eleventh Circuit has interpreted the required showing as being "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.*  The Court, therefore, "looks to see whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009)). "This plausibility standard is met 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

As explained below, the government's well-pleaded allegations provide a sufficient basis for the Court to conclude the Defendant owes civil penalties for having defied the final order of removal entered against her on April 24, 2024.  The United States is, therefore, entitled to a default judgment.  Because the claim is for a sum certain, it can and should be entered by the clerk under Fed.R.Civ.P. 55(b)(1).

## B.  Factual Background

Defendant is a resident of Duval County, Florida.  She is not a citizen or national of the United States. Doc. 1 ¶ 1.  Defendant lives in this country illegally and is subject to removal.  *Id*. ¶ 7.

The Department of Homeland Security initiated removal proceedings against Defendant and on April 24, 2024, an Immigration Judge determined that Defendant

was removable from the United States.   See Declaration of Lacy Harwell, Jr. attached as Exhibit A, attachment 1.  Despite advance written notification of the hearing, the Defendant did not appear and any defenses she may have had to removal were deemed abandoned.  *Id*.

The Immigration Judge's Order of Removal advised Defendant that failure to depart the United States would subject her to civil liability for penalties.  *Id*.  The Order stated:

> [I]f the Respondent is subject to a final order of removal and willfully fails or refuses (1) to depart from the United States pursuant to the immigration court's order, (2) to make timely application in good faith for travel or other documents necessary to depart the United States, (3) to present themselves at the time and place required for removal by the DHS, or (4) conspires to or takes any action designed to prevent or hamper their departure pursuant to the order of removal, Respondent shall be subject to a civil monetary penalty for each day Respondent is in violation, pursuant to INA §  274D and 8 C.F.R. 280.53(b)(14).

*Id*.

On April 29, 2025, the Department of Homeland Security issued a notice to Defendant of its intent to levy a fine against her for failure to depart the United States pursuant to the order of removal.  *Id*., attachment 2 (Notice of Intention to Fine Under Section 240B of the Immigration and Nationality Act, dated April 8, 2025), ("Notice of Intention to Fine").  The Notice of Intention to Fine stated:

> "[P]ursuant to Section 240B of the Immigration and Nationality Act, and 8 Code of Federal Regulations § 1240.26(j) it is the intent of ICE to order you to pay a fine in the amount of $368,262.00.

The Notice of Intention to Fine gave Defendant 30 days to object to the issuance of the penalty. *Id.* The Notice of Intention to Fine was sent by certified/registered mail, with a return receipt requested. United States Postal Service tracking shows that the Notice of Intention to Fine was delivered on May 29, 2025. *Id.*, attachment 3.

Defendant failed to respond to the Notice of Intention to Fine and on June 22, 2025, the Department of Homeland Security issued a Final Order Imposing Penalty INA § 240B for Failure to Depart Voluntarily. *Id.* attachment 4. Final Order Imposing Penalty INA § 240B for Failure to Depart Voluntarily ("Final Order"). The Final Order stated:

> [I]t is ordered that a civil monetary penalty be imposed upon the alien in the amount of: $368.262.00 pursuant to section 274D(a) of the Immigration and Nationality Act, 8 U.S.C. § 1324d(a).

*Id.*

On June 30, 2025, the Department of Homeland Security provided notice and made a demand for payment of the civil monetary penalty upon Defendant. *Id.*, attachment 5, U.S. Department of Homeland Security Invoice, dated June 30, 2025. The Department of Homeland Security sent a past due notice on July 11, 2025. *Id.* attachment 6.

The civil monetary penalty remains unpaid. *See id.*, attachment 7, Certificate of Indebtedness, dated January 12, 2026. Accordingly, Defendant is indebted to the

5

United States for a civil monetary penalty assessed for her willful failure to depart from the United States. 8 U.S.C. § 1229c.  As of January 12, 2026, the total principal amount of the civil penalty due to the United States is $371,440.15 with interest and penalties accruing.  *See id*.

**C. The Requested Proposed Order Matches the Relief Requested in the Complaint.**

Federal Rule of Civil Procedure 54(c) states that the relief granted by the Court pursuant to a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]."  Fed. R. Civ. P. 54(c); *see Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.*, 412 F. App'x 230, 233 (11th Cir. 2011). Here, the Complaint requests that the Court award penalties for Defendant's failure to comply with a final order of removal.  The relief sought in the government's requested Default Judgment closely tracks the relief requested in the Complaint.

## Conclusion

The facts pled in the Complaint, along with the accompanying declaration, provide a sufficient basis to show that Defendant is indebted to the United States for the amounts requested.  Accordingly, the United States requests that this Court issue a default judgment against the Defendant.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

*/s/ Lacy R. Harwell, Jr.*
Lacy R. Harwell, Jr.
Assistant U.S. Attorney
FBN 714623
Office of the U.S. Attorney, MDFL
400 N. Tampa St., Suite 3200
Tampa, FL  33602
Tel. 813 274-6000
Email: randy.harwell@usdoj.gov

<u>Certificate of Service</u>

I HEREBY CERTIFY THAT ON March 9, 2026, I caused a true copy of the foregoing to be filed using the Court's CM/ECF filing system, which will send an electronic notice of filing.

I FURTHER CERTIFY that on March 9, 2026, I caused a true copy of the foregoing to be furnished by certified mail, first class postage prepaid, to:

Monica Alejandra Cabezas Quintana
2260 University Blvd., Apt. 90F
Jacksonville, FL  32211

*/s/ Lacy R. Harwell, Jr.*
Lacy R. Harwell, Jr.
Assistant United States Attorney